## STATE *v.* MATHES & MILLS.

CRIMINAL LAW. *Wantonly defacing or injuring a dwelling house. Indictment.* In an indictment under section 4652 of the Code, for wantonly defacing or injuring a dwelling, the ownership of the property may be laid, in the person in possession.

### FROM HAWKINS.

Appeal in error from the Circuit Court of Haw-. kins county.    N. HACKER, J.

ATTORNEY-GENERAL LEA for the State.

No counsel marked for defendants.

FREEMAN, J., delivered the opinion of the court.

These indictments were quashed in the court below, and the State appeals.    They charge the parties with wantonly defacing and otherwise injuring the dwelling house owned by —— —— but occupied at the time by C. C. Spears as a dwelling house, by throwing

The indictment was quashed because it failed to state the name of the owner of the house. Section 4652, Code, makes it a misdemeanor to wantonly injure, deface or disfigure any building or fixture attached thereto, or the inclusures thereof, belonging to the State, or any county, city, town, or to any other person.

We think the question of ownership, that is, the legal title, is of very little importance as an element in this offense. It is the wanton injury to property of this kind that is intended to be punished, and this wrong, perpetrated against the possession of the party in this case, is as great as if it had been averred to have been done against the party having the legal title. The words "or to another person," in the statute, is simply intended to include injuries done to private property, in addition to those that might be perpetrated against the designated public property specified in the previous part of the statute. We think the allegation ˙ of temporary occupation as a ˏ dwelling in this case, is a sufficient statement of ownership under the statute.

Let the judgment be reversed and the case remanded for further proceedings.